# In the United States Court of Federal Claims

No. 22-780C

(Filed: July 20, 2022)

| | |
|---|---|
| **AHTNA LOGISTICS, LLC,** | ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) <br> ) |
| **THE UNITED STATES,** | ) <br> ) <br> ) |
| *Defendant,* | ) <br> ) |
| and | ) <br> ) |
| **AKIMA INFRASTRUCTURE PROTECTION, LLC,** | ) <br> ) <br> ) <br> ) |
| *Defendant-Intervenor.* | ) <br> ) <br> ) |

## ORDER

On July 18, 2022, Plaintiff, Ahtna Logistics, LLC, filed a complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b). ECF No. 1. That same day, Defendant-Intervenor, Akima Infrastructure Protection, LLC, filed an unopposed motion to intervene, ECF No. 8, which this Court granted. On July 20, 2022, the Court held a preliminary status conference, *see* ECF No. 12, to discuss a schedule for further proceedings and whether Plaintiff intends to seek preliminary injunctive relief.

During the status conference, the parties indicated that they have not reached an agreement for the government to voluntarily stay performance of the contested procurement, nor have the parties yet agreed upon a proposed briefing schedule. In that regard, Plaintiff's counsel indicated that if the government were to decline to stay contract performance, Plaintiff likely would move for a preliminary injunction.

Accordingly, the Court hereby **ORDERS** the parties to meet-and-confer and to file a joint status report on or before **Tuesday, July 26, 2022**, informing the Court whether the parties have reached an agreement to avoid litigating preliminary injunctive relief and,

in either case, proposing an agreed-upon simultaneous briefing schedule for preliminary and/or permanent relief, as well as a target date for oral argument on any motion.

To the extent that the parties propose a briefing schedule that obviates the need for Plaintiff to seek preliminary injunctive relief, the Court's view is that any voluntary stay will not weigh against the availability of permanent injunctive relief, should Plaintiff ultimately succeed on the merits of its complaint, because the very point of a voluntary stay is to preserve the status quo and moot the would-be preliminary injunction motion. If any party disagrees with the Court's assessment, the joint status report shall explain that party's position.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
**Matthew H. Solomson**
**Judge**
