# In the United States Court of Federal Claims

No. 22-780C

(Filed:  July 27, 2022)

| | |
|---|---|
| **AHTNA LOGISTICS, LLC,** | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant,* | ) |
| **and** | ) |
| **AKIMA INFRASTRUCTURE PROTECTION, LLC,** | ) |
| *Defendant-Intervenor.* | ) |

## ORDER

On July 18, 2022, Plaintiff, Ahtna Logistics, LLC, filed a complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b).  ECF No. 1.  On July 19, 2022, Defendant-Intervenor, Akima Infrastructure Protection, LLC, filed an unopposed motion to intervene, ECF No. 8, which this Court granted.  On July 20, 2022, the Court held a preliminary status conference, *see* ECF No. 12, to discuss a schedule for further proceedings and whether Plaintiff intends to seek preliminary injunctive relief.

During the status conference, the parties indicated that they had not reached an agreement for the government to voluntarily stay performance of the contested procurement, nor had the parties yet agreed upon a proposed briefing schedule. Accordingly, the Court ordered the parties to meet-and-confer and to file a joint status report on or before July 26, 2022, informing the Court whether the parties have reached an agreement to avoid litigating preliminary injunctive relief and, in either case, proposing an agreed-upon briefing schedule for preliminary and/or permanent relief. ECF No. 22.

On July 26, 2022, the parties filed a joint status report indicating that they have not yet reached an agreement for the government to voluntarily stay performance of the contested procurement. ECF No. 23 at 1. Nevertheless, the parties indicate that they expect to reach an agreement and, accordingly, did not propose a briefing schedule for preliminary injunctive relief.[1] *Id.* at 1–2. The parties, however, agreed to the following briefing schedule, *id.* at 2, which the Court hereby adopts (with the addition of the joint appendix requirement):

| Event | Due Date |
| --- | --- |
| **Defendant shall file the administrative record** | **August 9, 2022** |
| **Parties shall file cross-motions for judgment on the administrative record** | **August 30, 2022** |
| **Parties shall file response briefs** | **September 27, 2022** |
| **Parties shall compile and deliver the joint appendix (as instructed below)** | **October 3, 2022** |

The Court will schedule oral argument on the parties' motions shortly after the conclusion of the briefing schedule.[2]

As discussed during the preliminary status conference, the parties shall compile a joint appendix. *Cf.* Fed. Cir. R. 30. The joint appendix shall be compiled in hardcopy volumes (*e.g.*, in binders) and consist of:

1. A table of contents identifying the administrative record ("AR") pages or documents to which the parties have cited in any of their respective briefs;

2. A copy of the final consolidated solicitation governing the procurement at issue;

3. A compilation of the cited AR materials, including sufficient surrounding AR pages to provide context for a cited excerpt; and

4. Complete copies of key documents at issue (*e.g.*, evaluation team reports, source selection decision document, etc.).

---

[1] The government has agreed to maintain the stop-work order while negotiations are ongoing. *See* ECF No. 23 at 1.

[2] The Court acknowledges the parties' request that oral argument occur "on or after October 11, 2022," *id.* at 2, and, accordingly, the Court will likely set oral argument for October 19, 2022, or October 20, 2022.

Two (2) physical copies of the joint appendix shall be delivered to the Court no later than **5:00 PM (EDT) on Monday, October 3, 2022**.  Furthermore, the joint appendix shall be indexed and tabbed, and a complete table of contents shall be included in each appendix volume binder.

**IT IS SO ORDERED**.

<u>s/Matthew H. Solomson</u>
**Matthew H. Solomson**
**Judge**