```
 1            IN THE UNITED STATES COURT OF FEDERAL CLAIMS
 2
 3   AHTNA LOGISTICS LLC,                  )
 4            Plaintiff,                   ) Case No.
 5               vs.                       ) 22-780C
 6   THE UNITED STATES OF AMERICA,         )
 7            Defendant,                   )
 8               vs.                       )
 9   AKIMA INFRASTRUCTURE                  )
10   PROTECTION, LLC,                      )
11            Intervenor Defendant.        )
12
13
14                    Via Teleconference
15                  Monday, August 15, 2022
16                        2:00 p.m.
17                     Status Conference
18
19
20
21        BEFORE:  THE HONORABLE MATTHEW H. SOLOMSON
22
23
24
25   Transcribed by:  Elizabeth M. Farrell, CERT
```

```
 1   APPEARANCES:
 2   ON BEHALF OF THE PLAINTIFF:
 3           ROBERT K. TOMPKINS, ESQ.
 4           KELSEY M. HAYES, ESQ.
 5           SEAN BELANGER, ESQ.
 6           Holland & Knight, LLP (DC)
 7           800 17th Street, NW
 8           Suite 1100
 9           Washington, DC 20006
10           (202) 469-5111
11           robert.tompkins@hklaw.com
12
13   ON BEHALF OF THE DEFENDANT:
14           DELISA M. SANCHEZ, ESQ.
15           U. S. Department of Justice - Civil Div.
16           Post Office Box 480
17           Ben Franklin Station
18           Washington, DC 20044
19           (202) 616-0337
20           delisa.sanchez@usdoj.gov
21
22
23
24
25
```

```
 1   APPEARANCES (cont.):
 2   ON BEHALF OF THE INTERVENOR DEFENDANT:
 3           C. PETER DUNGAN, ESQ.
 4           TARA D. HOPKINS, ESQ.
 5           Miles & Stockbridge, PC (DC)
 6           1201 Pennsylvania Avenue, NW
 7           Suite 900
 8           Washington, DC 20004
 9           (202) 524-8055
10           pdungan@milesstockbridge.com
11
12
13   ALSO PRESENT:
14       Javier Farfan, Counsel, U.S. Immigration and
15           Customs Enforcement
16
17
18
19
20
21
22
23
24
25
```

Ahtna v. USA v. Akima                                              4
                                                            8/15/2022

```
 1                    P R O C E E D I N G S
 2                       -    -    -    -    -
 3              (Proceedings called to order.)
 4              THE COURT:  Good afternoon, everyone.  This is
 5   Judge Solomson.  We're on the record in Ahtna Logistics,
 6   LLC vs. United States, with Intervenor Defendant, Akima
 7   Infrastructure Protection, LLC, Case Number 22-780.
 8              If I could ask everyone who's not speaking to
 9   stay on moot -- on mute, rather, that would be great.
10   And if I could have everyone enter their appearance for
11   the record, beginning with the Plaintiffs.
12              MR. TOMPKINS:  Good afternoon, Your Honor.
13   This is Robert K. Tompkins of Holland & Knight with the
14   Plaintiff, and with me on the phone today are my
15   colleagues, Kelsey Hayes and Sean Belanger.
16              THE COURT:  Thank you.
17              And for the United -- for the United States?
18              MS. SANCHEZ:  Good afternoon, Your Honor.
19   Delisa Sanchez for the United States, and joining us on
20   the line, we should have Javier Farfan, Associate Legal
21   Advisory with U.S. Immigration and Customs Enforcement.
22              THE COURT:  Okay, thank you.
23              And for the Intervenor?
24              MR. DUNGAN:  Good afternoon, Your Honor.  This
25   is Pete Dungan from Miles and Stockbridge on behalf of
```

1   Defendant Intervenor, Akima Infrastructure Protection.
2   On the line with me is my colleague, Tara Hopkins.
3           THE COURT: All right. Well, thank you all
4   very much. This should be quite brief. I asked for this
5   status conference to address the Defendant's notice of
6   voluntary stay, and my concerns probably won't be of
7   surprise to the Government because I have expressed this
8   view of this question before to a variety of -- in a
9   variety of cases. But let me just explain to the parties
10  what I'm worried about.
11          Given that this is not by -- the stay is not by
12  motion or some sort of bilateral agreement here, what I
13  don't like is that, to me, it creates an unnecessary
14  wrinkle should I reach the injunctive relief question,
15  because I'm not sure, you know, what this means in terms
16  of what the Government is doing in the background, even
17  though the award is stayed. And I would hate to get to a
18  point where, assuming Plaintiff were to prevail, and then
19  the Government is -- and it's not just the Government
20  making the argument, but the parties have been arguing
21  about what this voluntary stay means in terms of
22  irreparable injury and the balance of the harm in terms
23  of, you know, the passage of time, for example, and the
24  urgency of the need of the Government to start
25  transitioning the work.

1          It's not that I'm -- I guess my issue is not
2    that that -- an argument from the Government on that
3    front would be incorrect.  It's that it's just a lot of
4    unnecessary uncertainty that becomes very difficult for
5    the Court to unravel without additional briefing and many
6    facts from outside the record or outside the
7    administrative record, I should say.
8          So what I'd like to do is hear from the
9    Government about what this notice means as a practice
10   matter.  If the Government tells me this is as good as
11   Plaintiffs moving for and receiving a preliminary
12   injunction, then I'm good to go because that creates
13   certainty.  And if it's not, then how do we get to some
14   degree of certainty now before it possibly gets messy
15   later?
16         So, Ms. Sanchez, what does this voluntary
17   notice mean, as a practical matter?
18         MS. SANCHEZ:  Well, I'm confused by the Court's
19   statements.  I'm not sure where the uncertainty is.  I
20   mean, basically, this is a post-award bid protest.  The
21   contracting officer issued Akima a stop work order some
22   months ago and awarded a bridge contract to a sister
23   company of Ahtna, and it is the sister company of Ahtna
24   that is now performing.  And Akima -- my understanding is
25   that Akima is not engaged in any activity.  So I -- I'm

 1   confused by the Court's inquiry.  I don't understand what
 2   the problem is.
 3           THE COURT:  Well, it's not a problem.  I don't
 4   have an issue, per se, with this, but I guess if -- maybe
 5   it wasn't clear to me that a sister company of Ahtna was
 6   performing.  So that's probably why they're not bothered
 7   by this at all.  So that might explain things.
 8           What I'm worried about -- just let me see if I
 9   can articulate this more clearly for everyone.  Let's
10   assume -- and I haven't -- you know, who knows what the
11   outcome's going to be, but let's assume Plaintiff
12   prevails in this case and seeks a permanent injunction.
13   And as we know, everyone starts debating irreparable
14   injury and balance of harm.  And the Government says, we
15   need the awardee performing yesterday.  The awardee
16   submits affidavits saying that if they don't proceed,
17   there's going to be this harm to them, and that the
18   Government -- and that the Court, therefore, should not
19   award Plaintiff permanent injunctive relief.
20           When the Plaintiff then points to this stay and
21   says, well, what do you mean, the status quo has been
22   preserved for the pendency of the protest, I would not
23   want to see a case where I then have to figure out what
24   the voluntary nature of this stay means, where the
25   Government comes back and says, no, this is not the same

1    thing as the preliminary injunction.  You know, Plaintiff
2    cannot argue irreparable harm because they didn't move
3    for a PI, we just did this, you know, out of the goodness
4    of our hearts.  So this doesn't say anything about
5    irreparable harm.  And, in fact, (inaudible) say I don't
6    want to have that debate later about what this notice of
7    voluntary stay means.
8         MS. SANCHEZ:  I mean, we have a -- in every
9    case, Your Honor, where the Government voluntarily stays,
10   it's the same situation.
11        THE COURT:  No.  I've gotten -- many times,
12   your colleagues have said on the record this is like a PI
13   and it preserves the status quo and we won't make any
14   arguments based on the voluntary nature of the stay in
15   terms of injunctive relief.  But when I read this
16   footnote on page 2, footnote 1 -- you know, I'm reading
17   this and it looks like a landmine waiting to go off later
18   on in this case.
19        What does this mean?  The Government decided to
20   discontinue the dialogues and it's not the agreement --
21   it's not a result of an agreement with Ahtna or the
22   posting of a bond.  What is the point of telling me that
23   in the last sentence of the footnote?
24        MS. SANCHEZ:  We had represented at the initial
25   status conference that the Government and Ahtna were in

```
 1   the middle of a dialogue to try to reach some agreement
 2   with the posting of a bond.  The agency decided to
 3   discontinue that dialogue.  It has no effect whatsoever
 4   in the nature of the voluntary stay.  There's simply no
 5   bond securing the voluntary stay.  So it has nothing to
 6   do with the nature of the stay.
 7             THE COURT:  Okay.  You think the nature of the
 8   voluntary stay or anything in footnote 1 has any
 9   connection to the injunctive relief issues that will be
10   in play in the briefing?
11             MS. SANCHEZ:  No, Your Honor.
12             THE COURT:  Okay.  That's good enough for me.
13   That's all I was trying to get at.
14             MS. SANCHEZ:  Mm-hmm.
15             THE COURT:  Any other concerns from Mr.
16   Tompkins or from Ahtna's perspective about this?
17             MR. TOMPKINS:  No, Your Honor.  Thank you for
18   raising the question, though.
19             THE COURT:  Or, Mr. Dungan, any concerns from
20   your end?
21             MR. DUNGAN:  Nothing from Akima, Your Honor.
22             THE COURT:  Okay.  So I'm good.  I just -- just
23   to be clear, this is not me looking out for the
24   Plaintiffs.  It's just me looking out for an issue that
25   could unduly complicate things for the Court and the
```

1   parties and introduce what I think are unnecessary issues
2   late in the game.  So I would rather, if there were some
3   issues related to this voluntary stay and the ultimate
4   question of relief, I would rather we air all of that
5   now.  And if the answer is forcing, you know, or, in
6   effect, inducing Plaintiffs to litigate a PI now, I'd
7   rather just do that rather than have some issue kind of
8   come up on the back end.
9            And that's all I'm trying to do here.  But
10  given Ms. Sanchez's clarification that this has no
11  bearing on Plaintiff's permanent relief request one way
12  or the other, you know, that's good enough for me, and if
13  it's good enough for Plaintiffs, then we'll just proceed.
14           So I'm not going to issue any further orders.
15  This is all on the record, so we've got everyone's
16  positions laid out.
17           I'll go once more around and just ask if there
18  are any other concerns that we need to deal with at this
19  still early stage, Mr. Tompkins?
20           MR. TOMPKINS:  No, nothing specific.  Just to
21  give you, essentially as a heads-up, we've identified a
22  handful of issues with the administrative record where we
23  think there might be a missing document or two.  So we'll
24  work with her on that.  But that's the only news of the
25  moment.

```
 1              THE COURT:  Okay.  Well, my views on the scope
 2   of the administrative record are now -- you know, are now
 3   out there.  So I guess everyone can roll with that.
 4              Ms. Sanchez, any concerns from your end?
 5              MS. SANCHEZ:  No, Your Honor.
 6              THE COURT:  Thank you.
 7              And for Akima?
 8              MR. DUNGAN:  Nothing further from Akima, Your
 9   Honor.
10              THE COURT:  Well, that was short and sweet,
11   everyone.  I appreciate your time and thank you for -- I
12   mean, I know you're required to be here, but, Ms.
13   Sanchez, I do appreciate your entertaining my concerns
14   anyhow.
15              Just to back up, just in case you're -- as an
16   academic exercise and just do you know where I'm coming
17   from, I was one of the counsel to PGBA, a now highly,
18   well cited Federal Circuit case back on the day where the
19   failure of Plaintiffs to move for injunctive relief cost
20   it, both in our court and then at the Circuit.
21              So again, in these cases that I have now before
22   me, it's not that I'm worried about Plaintiff; it's just
23   that I know the issue can rear its head at the end of the
24   game and this is not efficient.  So with that said,
25   everyone --
```

```
 1              MS. SANCHEZ:  Your Honor, my --
 2              THE COURT:  Sorry.  Go ahead.
 3              MS. SANCHEZ:  My understanding is that
 4    Plaintiff has moved for a permanent injunction in its
 5    complaint.
 6              THE COURT:  Preliminary.  Preliminary.
 7              MS. SANCHEZ:  Oh, yes.  No, they have not
 8    sought a PI.
 9              THE COURT:  Correct.  And in PGBA, the
10    Plaintiff in that case paid the -- paid a price for it.
11    And what I'm saying is is that I'm sensitive, as a judge,
12    to the problem that this then becomes an issue at the end
13    of the case.  And I just want to make sure in all of my
14    cases that all of the parties are on the same page about
15    what -- what the agreement is with respect to a stay,
16    what the implications are for injunctive relief, because
17    if there's going to be an argument about that, I'd rather
18    do it earlier than at the end.  That's my only point.
19              I think we're all on the same page now and
20    we're -- you know, now I'm kind of beating a dead horse,
21    but I just want everyone to understand where I'm coming
22    from.
23              All right.  If there are no other concerns,
24    we're adjourned.  And, again, thanks for the quick
25    conference call.
```

```
 1                MR. DUNGAN:  Thank you.
 2                MR. TOMPKINS:  Thank you, Your Honor.
 3                THE COURT:  All right.  We're off the record.
 4   Have a great day, everybody.
 5                MS. SANCHEZ:  Thank you.
 6                (Whereupon, the hearing was adjourned.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    CERTIFICATION OF TRANSCRIBER
 2
 3          I, Elizabeth M. Farrell, court-approved
 4   transcriber, certify that the foregoing is a correct
 5   transcript from the official electronic sound recording
 6   of the proceedings in the above-titled matter.
 7
 8
 9
10   DATE:  8/29/2022          s/Elizabeth M. Farrell
11                             ELIZABETH M. FARRELL, CERT
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```